UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN OMAR CABRERA FUENTES, | No. 1:26-cv-01398-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| JOSEPH B. EDLOW, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 23)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").  At Respondents' suggestion, the Court shall rule on the merits.

Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders.  Petitioner entered the country in 2023, and he was detained shortly after entry.  (Mot at 3.)  Petitioner was re-detained by ICE on October 29, 2025, when he appeared for a scheduled ICE check-in appointment.  (*Id.*)  Petitioner remains in ICE custody.  (*Id.* at 1.)  Petitioner's present re-detention was enacted without notice or an opportunity to be heard and was not predicated on any changed circumstances since Petitioner's release.

The Court's prior orders are dispositive on the issues raised in the Petition and Motion.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner has established that his present detention violates his due process rights.  Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents' Opposition solely argues that Petitioner's Motion for Temporary Restraining Order is untimely.  (ECF No. 24 at 2.)  This argument is odds with Respondents statement that they have no objection to the Court ruling on the merits. Moreover, Respondents are incorrect that a delay in seeking relief, let alone one of merely four months, renders detention less harmful or the need for relief less urgent. Detained individuals are harmed each additional day they are deprived of their liberty.  As such, denial of the motion as untimely is inappropriate.  In the Answer to the Petition, Respondents raise arguments that have also been previously been rejected by the Court in its prior orders.  (*See* ECF No. 18.)

////

////

////

////

2

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED on its claim that Petitioner's present detention violates his procedural due process rights under the Fifth Amendment.[1]

2.  Respondents are ordered to immediately release Petitioner Brayan Omar Cabrera Fuentes from their custody.  Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating her arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **March 23, 2026**

_____
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.